1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE ARGUMEDO,                                    No. C 08-4502 SI (pr)

        Plaintiff,                          **ORDER OF DISMISSAL WITH**
                               **LEAVE TO AMEND**

    v.

SACRAMENTO OFFICE OF
APPEALS; et al.,

        Defendants.
_____/

**INTRODUCTION**

      Jose Argumedo, an inmate at Pelican Bay State Prison, filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983.  His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

      The complaint and exhibits thereto show an unusual problem arising from a routine periodic review of an inmate in Pelican Bay's security housing unit ("SHU") due to a gang validation.  Argumedo has been retained in the SHU on an indeterminate basis for several years as a validated affiliate of the Mexican Mafia prison gang.  He had an annual review on May 7, 2008, at which time the institutional classification committee ("ICC") decided to retain him in the SHU based on his gang validation.  Argumedo disagrees with the decision and wants to challenge it.  The problem for Argumedo is that CDCR officials will not process his inmate appeal.

1   In order to exhaust available administrative remedies, a California prisoner must proceed

2   through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602

3   inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third

4   level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Ngo

5   v. Woodford, 126 S. Ct. 2378, 2383 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal.

6   1997).  Argumedo tried to file an inmate appeal concerning the decision to retain him in the

7   SHU.  He apparently was not allowed to appeal at the lower three levels of the prison inmate

8   appeal system, and when he went to the highest (or director's) level, his appeal was rejected

9   because he had not received an appeal log number at the lower levels.   In his complaint,

10  Argumedo attempts to allege a claim based on the impasse in the administrative appeal process

11  caused by the Pelican Bay appeals coordinator rejecting his appeals purportedly pursuant to a

12  directive from "Sacramento," and the inmate appeals chief in Sacramento rejecting his appeals

13  purportedly because he has not proceeded through the lower level appeal at Pelican Bay.

14  Argumedo has named as defendants the Sacramento Offices of Appeals, "OCS dept," and N.

15  Grannis.

16

17                                    **DISCUSSION**

18       A federal court must engage in a preliminary screening of any case in which a prisoner

19  seeks redress from a governmental entity or officer or employee of a governmental entity.  See

20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

21  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

22  or seek monetary relief from a defendant who is immune from such relief.   See id. at

23  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police

24  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

25       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

26  a right secured by the Constitution or laws of the United States was violated and (2) that the

27  violation was committed by a person acting under the color of state law.  See West v. Atkins,

28  487 U.S. 42, 48 (1988).

**United States District Court**
For the Northern District of California

2

1    As will be explained in more detail below, the complaint does not state a claim upon

2    which relief may be granted insofar as it attempts to assert a due process claim based on the

3    improper handling of the inmate appeal.  Leave to amend will be granted because it may be

4    possible for Argumedo to allege a claim based on the problem he was trying to pursue in his

5    inmate appeal, i.e., the decision to retain him in the SHU.

6    No constitutional violation is shown based merely on the improper handling of an inmate

7    appeal.  Generally, the failure to grant an inmate's appeal in the prison administrative appeal

8    system does not amount to a due process violation.  There is no federal constitutional right to

9    a prison administrative appeal or grievance system for California inmates.  See Mann v. Adams,

10   855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).

11   The denial of an inmate appeal is not so severe a change in condition as to implicate the Due

12   Process Clause itself and the State of California has not created a protected interest in an

13   administrative appeal system in its prison.  California Code of Regulations, title 15 sections 1073

14   and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right

15   to have a prison appeal and set forth no substantive standards.  A regulation that merely provides

16   procedural requirements, even if mandatory, cannot form the basis of a constitutionally

17   cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); Antonelli,

18   81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to

19   protected liberty interest requiring procedural protections of Due Process Clause); see also

20   Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoner's claimed loss of a liberty

21   interest in the processing of his appeals does not violate due process because prisoners lack a

22   separate constitutional entitlement to a specific prison grievance system).  Argumedo had no

23   federal constitutional right to a properly functioning appeal system.  An incorrect decision on

24   an administrative appeal or failure to process the appeal in a particular way therefore did not

25   amount to a violation of his right to due process. The claims concerning the handling of the

26   administrative appeals are dismissed for failure to state a claim upon which relief.  The failure

27   to process his inmate appeal – if unjustified – might later provide a ground for excusing the

28

**United States District Court**
For the Northern District of California

1 | exhaustion requirement but is not independently actionable.[1]

2 | Argumedo might be able to amend his complaint to state a claim for a due process

3 | violation in the periodic review, provided he makes the necessary allegations and names the

4 | defendants who caused the violation.   When prison officials initially determine whether a

5 | prisoner is to be segregated for administrative reasons and a liberty interest of real substance is

6 | implicated, due process requires that they hold an informal nonadversary hearing within a

7 | reasonable time after the prisoner is segregated, inform the prisoner of the charges against him

8 | or the reasons segregation is being considered, and allow the prisoner to present his views.

9 | Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987).

10 | Due process also requires that there be an evidentiary basis for the prison officials' decision to

11 | place an inmate in segregation for administrative reasons.  Superintendent v. Hill, 472 U.S. 445,

12 | 455 (1985); Toussaint, 801 F.2d at 1104-05.   Prison officials must also engage in some sort of

13 | periodic review of an inmate's confinement in ad-seg, Hewitt v. Helms, 459 U.S. 460, 477 n.9

14 | (1983); Toussaint, 801 F.2d at 1101, which must amount to more than "meaningless gestures."

15 | Toussaint v. Rowland, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989).  If Argumedo wants to try

16 | to allege a due process claim based on the periodic review, he must file an amended complaint

17 | in which he describes the decision, and pleads that the evidence was insufficient to support the

18 | decision.[2]  Argumedo also must name as defendants those individuals whose acts or omissions

19 | caused the due process violation.  He must link those persons by alleging what each person did

20 | or failed to do that cause da violation of his rights.   It is not sufficient to identify them as a

21 |

22 |

23 | [1]The refusal to process an appeal might in some unusual circumstances provide part of the factual basis for a denial of access to the courts claim.  However, a denial of access to the

24 | courts claim requires that there be an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  To show an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement.  See

25 | id. at 355.  An actual injury might include having an action on the subject of the inmate appeal

26 | dismissed based on non-exhaustion if that non-exhaustion was due to a wrongful refusal to process an appeal.

27 | [2]Argumedo's main argument in his inmate appeal appears to be that there is no evidence in his file of criminal activity.  If this is the only basis to challenge the decision, his claim would

28 | have no merit, as it is not necessary that there be a CDC-115 or evidence of an actual crime to retain an individual in the SHU.

group, e.g., the committee or OCS, and instead must provide names of individual persons.

### CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend.  The amended complaint must be filed no later than **April 17, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: March 3, 2009

_____
SUSAN ILLSTON
United States District Judge